UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ASAMOAH,

        Plaintiff,

  v.

THE SYGMA NETWORK, INC.,
*et al.*,

        Defendants.

Case No. 2:21-cv-4026
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

### I.

This matter is before the Court on Plaintiff Michael Asamoah's (i) Motion to Proceed on Appeal *in forma pauperis* (Plaintiff's "Second IFP Motion") (ECF No. 7) and (ii) Motion for Default Judgment. (ECF No. 9.) For the reasons stated herein, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(2) and 28 U.S.C. § 1915(a)(3), that an appeal of the above-captioned action cannot be taken in good faith. Accordingly, the Court **DENIES** Plaintiff's Second IFP Motion. (ECF No. 7.) Moreover, Plaintiff's Motion for Default Judgment is **DENIED AS MOOT**. (ECF No. 9.)

### II.

On July 28, 2021, Plaintiff moved to proceed *in forma pauperis* in the instant action (Plaintiff's "First IFP Motion"). (ECF No. 1.) On August 10, 2021, the Magistrate Judge issued an Order (the "Show Cause Order") which found that:

1. Plaintiff had been "enjoin[ed]" from "filing any new actions without leave of Court" because he had twice been deemed a "vexatious litigator."

1

2. Between December 2019 and June 2020, Plaintiff had paid the filing fee in three separate lawsuits.[1]
3. The allegations in Plaintiff's Complaint were virtually "identical" to those in another lawsuit filed by Plaintiff against Defendant Sygma wherein Defendant Sygma obtained summary judgment.

(ECF No. 2) (*see also Asamoah v. The Sygma Network, Inc.*, 2:19-cv-05507-SDM-KAJ (S.D. Ohio)) (hereinafter "*Sygma* I").

Accordingly, the Magistrate Judge ordered Plaintiff to (1) submit a supplemental memorandum which specifically explained "how his financial condition ha[d] changed" since June 30, 2020 (*i.e.*, the last time he paid the Court's filing fee) and (2) to "show cause why the instant action is distinguishable from his previous case, and why his claims should not be barred under the doctrine of *res judicata*." (ECF No. 2 at PageID #25-26) (citation omitted).

Plaintiff failed to respond to the Magistrate Judge's Order. (ECF No. 3.) Thus, on August 19, 2021, the Magistrate Judge issued a Report and Recommendation which recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and that the instant action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (*Id*.) Plaintiff, as required, was given fourteen days to object to the Magistrate Judge's Report and Recommendation. (*Id.*) He did not. So, on September 10, 2021, the Undersigned adopted the Magistrate Judge's Report and Recommendation in full, denying Plaintiff's First IFP Motion and dismissing the instant action pursuant to Rule 41(b). (ECF No. 4.)

On October 12, 2021, Plaintiff filed (1) his notice of appeal to the Court's dismissal of the instant action (ECF No. 6); (2) his Second IFP Motion (ECF No. 7); and (3) a Motion for Default Judgment against Defendants. (ECF No. 9.)

---

[1] Prior to the instant action, Plaintiff had filed ten total lawsuits in this Court. (ECF No. 2.) In each suit, he either "paid the full filing fee, or [was] otherwise not [] permitted to proceed *in forma pauperis*." (*See* ECF No. 3) (compiling cases).

### III.

Federal Rule of Appellate Procedure 24(a)(2) provides that if a district court denies a motion to proceed on appeal *in forma pauperis*, then "it must state its reasons in writing." Fed. R. App. P. 24(a)(2). 28 U.S.C. § 1915(a)(3), in turn, states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

As the Magistrate Judge noted in her Show Cause Order and Report and Recommendation, Plaintiff's Complaint effectively duplicates the one he filed in *Sygma* I. (*See Sygma* I, ECF No. 1.) *Sygma* I has already been adjudicated by this Court. (*Sygma* I, ECF No. 108) (granting summary judgment in Defendant Sygma's favor). Plaintiff was given several opportunities to explain "why the instant action is distinguishable" from *Sygma* I. (ECF No. 3 at PageID #30; *see also* ECF No. 2.) He took none of them. (ECF No. 4.) To that end, and in light of Plaintiff's history of "vexatious" litigation, the Court **CERTIFIES** that any appeal of its decision would not be in "good faith." 28 U.S.C. § 1915(a)(3).

Accordingly, Plaintiff's Second IFP Motion is **DENIED**. (ECF No. 7.) Moreover, because the instant action has already been dismissed for want of prosecution, Plaintiff's Motion for Default Judgment is **DENIED AS MOOT**. (ECF No. 9.)

This case is to remain closed on the docket of this Court.

**IT IS SO ORDERED**.

**1/25/2022**　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**